George WALKER, Appellant,

v.

COMMISSIONER OF SOCIAL SECURITY.

No. 02–3246.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Feb. 3, 2003.

Decided Feb. 4, 2003.

788

Before: SLOVITER, RENDELL and STAPLETON, Circuit Judges.

## OPINION OF THE COURT

RENDELL, Circuit Judge.

George Walker appeals the District Court's affirmance of the Commissioner of Social Security's denial of Social Security Disability benefits. We will affirm.

The District Court had jurisdiction under 42 U.S.C. § 405(g) (2002), and we exercise jurisdiction over the Court's final order pursuant to 28 U.S.C. § 1291 (2002). We review the Commissioner's factual findings for substantial evidence. *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999).

To establish a disability under the Social Security Act, a claimant must demonstrate there is some "medically determinable basis for an impairment that prevents him from engaging in any 'substantial gainful activity' for a statutory twelve-month period." *Stunkard v. Sec'y of Health and Human Servs.*, 841 F.2d 57, 59 (3d Cir.1988); 42 U.S.C. § 423(d)(1). A claimant is considered unable to engage in any substantial activity "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot,

considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

The Social Security Administration has promulgated regulations incorporating a sequential evaluation process for determining whether a claimant is under a disability. 20 C.F.R. § 404.1520; *Plummer*, 186 F.3d at 428. In step one, the Commissioner must determine whether the claimant is currently engaging in substantial gainful activity. 20 C.F.R. § 1520(a). If a claimant is found to be engaged in substantial activity, the disability claim will be denied. *Bowen v. Yuckert*, 482 U.S. 137, 140, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987). In step two, the Commissioner must determine whether the claimant is suffering from a severe impairment. 20 C.F.R. § 404.1520(c). If the claimant fails to show that his impairments are "severe," he is ineligible for disability benefits. *Plummer*, 186 F.3d at 428.

Here, the Commissioner denied benefits at step two. The Administrative Law Judge found that although Walker had some anxiety and depression, the impairment was not severe. The District Court affirmed. Walker challenges the ALJ's failure to discuss every single piece of evidence presented, including his doctor's reports that he was depressed, the State agency physician's report indicating a few moderate limitations, the etiology of his anxiety, the fact that he was taking Paxil and Klonopin, and his subjective complaints at the hearing. Walker argues that under *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir.1981), the ALJ has an obligation to discuss all of the evidence.

We find that the ALJ sufficiently reviewed and discussed the evidence presented and his conclusion was supported

by substantial evidence. An ALJ is required to review the evidence presented and explain why he rejects probative conflicting evidence. *See Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir.1983). But the ALJ here *did not reject* any evidence, therefore he was not required to further explain his findings. He fully credited the medical reports of Walker's treating physician. The medical records do not indicate that his anxiety was severe, and in fact, reveal that Walker's overall mood, except for a few brief periods, was fine and continually improving.

Furthermore, the evidence that Walker wanted discussed is either not probative or not conflicting. His doctor's reports and the fact that he was on medication simply indicate that he did have some depression, but do not conflict with the ALJ's findings that the depression was not severe. The State agency physician's report is not conflicting or probative because that physician found only a few moderate limitations and concluded that Walker had no disability. The etiology of his anxiety is irrelevant, and the ALJ properly concluded that his subjective complaints were not supported by objective medical evidence.

Because we agree with the District Court that substantial evidence supports the Commissioner's denial of benefits, we will affirm.